IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOSEPH R. VALENTINO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 6:11-CV-362 |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | Judge Davis |
| SARAH TRETTER, IRS Revenue Officer, | ) | |
| and RUDY M. GROOM, TRUSTEE | ) | |
| | ) | |
| Respondents. | ) | |

**RESPONDENTS SARAH TRETTER AND
THE INTERNAL REVENUE SERVICE'S MOTION TO DISMISS**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COME NOW the Respondents, the Internal Revenue Service and Revenue Officer Sarah Tretter, by and through the United States Attorney for the Eastern District of Texas, and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure move the Court for the entry of an Order dismissing the above-titled action, being a Petition to Quash Summons ("Petition") filed by Petitioner Joseph R. Valentino, and in support of the Respondents' Motion to Dismiss, the Respondents would show the Court the following:

**I. BACKGROUND**

Petitioner Joseph R. Valentino has filed a Petition to quash an Internal Revenue Service (IRS) Summons under 26 U.S.C. § 7609(b)(2). He seeks to quash a summons served on a third party, being Rudy M. Groom, Trustee for the Rudy Groom Trust, that was served in aid of collection of the income tax liabilities of Petitioner Valentino (herein "taxpayer" or "Petitioner") for taxable years 2001, 2002, 2003, and 2004.

Attached as Exhibit 1 to this Motion to Dismiss is the Declaration of Revenue Officer Sarah Tretter who issued the subject summons. As stated in her declaration, RO Sarah Tretter is conducting an investigation into the collection of tax liability of the Petitioner Joseph R. Valentino for the calendar years ending December 31, 2001, December 31, 2002, December 31, 2003, and December 31, 2004. As further established by the Declaration, the IRS Summons was issued to Rudy M. Groom, Trustee, in aid of collection of the Petitioner's assessed tax liabilities. The summons was served by certified mail on June 24, 2011, on Rudy Groom as Trustee for the Rudy Groom Trust by RO Sarah Tretter, and required the production of the requested documents and an appearance of Rudy Groom on July 28, 2011 at 8:00 a.m. The information sought in the summons is listed on the face of the summons attached to the Petition to Quash. The summons provided that a personal appearance was not necessary if the records were received by mail by the date specified. Rudy Groom did not appear in response to the summons nor did he produce the documents. Notice of the summons was not given to the taxpayer.

Title 26 U.S.C. Sections 7602 through 7609 of the Internal Revenue Code govern the procedure applicable to issuance, compliance, enforcement, and challenges of summonses. Section 7602 is a broad grant of authority that applies to all summonses issued as part of an investigation of tax liability. *See United States v. Euge*, 444 U.S. 707, 714 (1980); *United States v. Arthur Young & Co.*, 465 U.S. 805, 816 (1984). Section 7609 is a detailed description of the procedures which apply to, and rights created by, issuance of a special category of summonses - third-party summonses. One entitled to receive notice of a third-party summons may bring a proceeding to quash the summons.

The "proceeding to quash" procedure, first enacted in 1982 as part of the Tax Equity and Fiscal Responsibility Act (TEFRA), was intended to provide some assurance that taxpayer

interference with legitimate law enforcement efforts would be based on proper grounds and not merely interposed on frivolous grounds resulting in fruitless delays, as had frequently been the case before the passage of TEFRA. *See* S. Rep. No. 97-494, vol. 1, at 282, *reprinted* in 1982 U.S.C.C.A.N. 781,1027; *Godwin v. United States*, 564 F. Supp. 1209, 1211-1212 (D. Del. 1983).

## II. STATEMENT OF ISSUES

1. Whether the commencement and maintenance of this action is barred by the sovereign immunity of the United States?

2. Whether the Court lacks subject matter jurisdiction to entertain the proceeding?

3. Whether the Petition should be dismissed in accordance with Fed. R. Civ. Proc. 12(b)(6) because the Petition fails to state a claim for which relief may be granted?

## III. THE UNITED STATES HAS NOT WAIVED ITS SOVEREIGN IMMUNITY

Section 7609(b)(2) which allows a proceeding to quash an Internal Revenue Service summons to be brought against the United States constitutes a waiver of sovereign immunity. *See Stringer v. United States*, 776 F. 2d 274, 275 (11th Cir. 1985). Like all such waivers, the one contained in Section 7609 must be strictly construed. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981); *Soriano v. United States*, 352 U.S. 270 (1957). "Men must turn square corners when they deal with the Government. If it attaches even purely formal conditions to its consent to be sued, those conditions must be complied with." *Rock Island A. & L.R. Co. v. United States*, 254 U.S. 141, 143 (1920). These statues are jurisdictional and limit the power of the federal court to adjudicate claims against the United States. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature.").

However, Section 7609(b)(2) does not apply to the type of summons at issue in this case. Section 7609(c) defines the types of summonses that can be challenged under 7609(b)(2) and

expressly excepts certain summonses.  Section 7609(b)(2) does not apply to any summons issues in aid of collection.  *See* Section 7609(c)(2)(D).  Because 7609(b) is not applicable here, and no other statute waives sovereign immunity for the instant suit, this Court lacks jurisdiction and the action should be dismissed.

## IV.  PETITION HAS NAMED IMPROPER PARTIES AS RESPONDENTS

Petitioner has named as a respondent the Internal Revenue Service.  However, the Internal Revenue Service is not an entity subject to suit.  *See  Blackmar v. Guerre*, 342 U.S. 512 (1952); *Castleberry v. Alcohol Tobacco & Firearms Division*, 530 F.2d 672, 673 n.3 (5th Cir. 1976); *Krouse v. United States Gov't Treasury Dep't Internal Revenue Service*, 380 F.Supp. 219, 221 (C.D. Cal. 1974).  The proper party as respondent in a proceeding to quash the Internal Revenue Service summons at issue in this action is the United States of America.  *McMillen v. United States Dept. Of Treasury*, 960 F. 2d 187, 188 (1st Cir. 1991)(waiver of sovereign immunity required to sue over IRS summons).  Because Congress has not explicitly authorized the agency to be sued in its own name, IRS is not a suable entity.  Accordingly, the IRS should be dismissed from this suit.

Furthermore, Petitioner has named as a respondent Revenue Officer Sarah Tretter.  As demonstrated by her attached declaration, this named federal employee was acting within the scope of her employment and for that reason is not subject to suit in this case.  *See Bivens v. Six Unknown Named Narcotics Agents*, 403, U.S. 388 (1971);  *McMillen v. United States Dep't. of Treasury*, 960 F. 2d 187, 190-191 (1st Cir. 1991);  *DeLeeuw. v. Internal Revenue Service*, 681 F. Supp. 402, 403-404 (E.D. Mich. 1987).  Accordingly, the Respondent Sarah Tretter should be dismissed from this suit as well.

## V.  THE COURT SHOULD DISMISS THIS CASE AS THE PETITIONER HAS FAILED TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED.

Petitioner fails to set forth any allegation which would constitute a legally sufficient challenge or defense to enforcement of the IRS summons in this case.  First, Petitioner's claim of a right to a proceeding to quash this summons fails as shown in Section III. above.  More specifically, as a general rule, 26 U.S.C. Section 7609 requires the IRS to serve anyone whose financial records are sought in a third party summons with a notice copy of the summons.  *See* 26 U.S.C. Section 7609(a)(1).  Persons entitled to such notice may then petition a district court to quash the summons.  *See* 26 U.S.C. Section 7609(b)(2).  However, one of the exceptions to the general rule is that notice is not required when a third party summons is "issued in the aid of the collection of ...an assessment made or judgment rendered against the person with respect to whose liability the summons is issued." 26 U.S.C. Section 7609(c)(2)(D).   If notice is not required, then a petition to quash is not authorized.  *See* 26 U.S.C. Section 7609(b)(2)(A).  The summons served on Rudy Groom fits within the exception under Section 7609(c)(2)(D) as a summons issued in aid of collection of assessments made against the taxpayer.  Since the taxpayer (Petitioner) was not required to receive notice, he does not have standing to quash the summons and the Court lacks jurisdiction over the subject matter.  *Barmes v. U.S.*, 199 F 3d 386 (7th Cir. 1999).

Second, the Petitioner relies upon 26 U.S.C. 7608 to argue that the Revenue Officer does not have authority under Section 7608 to issue a summons.  However, Section 7608 is only applicable to summonses served for enforcement of subtitle E and other laws pertaining to liquor, tobacco, and firearms. The taxpayer here owes income taxes, and income taxes are contained in subtitle A.  Therefore, 26 U.S.C. Section 7608 is inapplicable to this case.

Furthermore, the authority of an IRS revenue agent to issue summonses is well


established, and it arises under 26 U.S.C. Section 7602, not under Section 7608 as mistakenly argued by Petitioner. *See United States v. Crum*, 288 F.3d 332, 334 (7th Cir. 2002), citing *United States v. Arthur Young & Co.*, 465 U.S. 805, at 814 ("As a tool of discovery, the § 7602 summons is critical to the investigative and enforcement functions of the IRS...."), and at 816 ("Indeed, the Supreme Court had described § 7602 as the "centerpiece" of a much larger congressional design to expand the IRS's information-gathering authority in order to facilitate tax investigation."). Clearly, Revenue Officer Tretter was authorized, pursuant to Section 7602, to issue the third party summons to Rudy Groom in aid of collection of the assessments made against the taxpayer (Petitioner) in this case.

In conclusion, the person seeking to quash a summons must allege facts which show that enforcement of the summons would be an abuse of process or allege a legitimate basis upon which the third-party summons should be quashed. *See United States v. Wyatt*, 637 F.2d 293, 301-302 (5th Cir. 1981); *United States v. Powell*, 379 U.S. 48, (1964); *United States v. Stuart*, 489 U.S. 353, 360 (1989). The Petitioner has failed to allege any such facts or basis for quashing the summons at issue. Accordingly, in the event the Court determines that it has subject matter jurisdiction, it should dismiss this case for the Petitioner's failure to state any reasonable basis for quashing the IRS summons in question.

WHEREFORE, the Respondent respectfully requests this case be dismissed for lack of subject matter jurisdiction and, alternatively, for failure to state a claim upon which relief can be granted.

Respectfully submitted,

JOHN M. BALES
United States Attorney

/s/ Ruth Harris Yeager

> Ruth Harris Yeager
> Assistant U.S. Attorney
> United States Attorney
> Texas State Bar No. 09092700
> Attorney-in-Charge
> 110 N. College, Suite 700
> Tyler, Texas  75702
> Telephone: (903) 590-1400
> Facsimile: (903) 590-1436

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing Respondents' Motion to Dismiss has been electronically filed or placed in the mail, this 12th day of September, 2011, addressed to:

Mr. Steve Stark
STARK GROOM LOWE, LLP
110 E. Corsicana Street
Athens, Texas 75751

and

Rudy Groom Trust
Rudy M. Groom, Trustee
110 E. Corsicana Street
Athens, Texas 75751

> /s/ Ruth Harris Yeager
> Ruth Harris Yeager